## Small *vs.* Connor *& al.*

Where the parties entered into a submission to arbitration, pursuant to *Stat.* 1821,
*ch.* 78, and the debtor also gave a bond to the creditor, conditioned to pay the
sum awarded, in six months ; but the report of the referees, though notified to
the parties, was not made to the Court holden next after the award, as the
statute requires ; yet this omission is no bar to an action on the bond.

The facts in this case, which came before the Court upon demur-
rer to the replication, will be found to be sufficiently stated by the
Chief Justice.

*W. Crosby*, for the defendants, argued that the award which
they were bound to perform was one which should be made pur-
suant to the statute, whose forms the parties had adopted as part of
the contract ; and that it was never the debtor's intent to deprive
himself of the legal mode of correcting any errors of the referees. 5
*Dane's Abr.* 126, *sec.* 5, 6 ; 1 *Com. Dig. tit. Arbitrament, S.* 4,
5. *T.* 6 ; 1 *Bac. Abr. tit. Arbitr. K.* 1, 2 ; *Worther v. Stevens,* 4
*Mass.* 448 ; 9 *Mass.* 198.

*Abbot*, for the plaintiff, cited 1 *Com. Dig. tit. Arbitrament, I.* 4;
3 *Lev.* 24 ; *Cutler v. Whittemore,* 10 *Mass.* 445 ; *Bean v. Farn-
ham,* 6 *Pick.* 269.

Mellen C. J. delivered the opinion of the Court.

The plaintiff *Small*, and *Connor*, one of the defendants, on the
3d of *September*, 1828, entered into an agreement to refer all de-
mands subsisting between them, to certain persons therein named,
pursuant to the provisions of " an Act for rendering the decision of
civil causes as speedy and as little expensive as possible." *Stat.*
1821, *ch.* 78. Soon after this, *Connor* and *Whitmore*, the other
defendant, executed the bond declared on, conditioned that *Connor*
should " pay the said *Small* the amount awarded to him by said
referees in cash, at the expiration of six months from the date" of
the bond. The object in view in the execution of the bond un-

doubtedly was to secure to the plaintiff the payment of the sum which might be awarded to him, by means of the suretyship of *Whitmore.* Such being the object, we ought to give the plaintiff the benefit of this super-added security, unless some stern principle of law forbids it ; but it is contended, that as the report of the referees was not returned to the Court of Common Pleas next after they had agreed upon their award, according to the provisions of said act, the plaintiff has lost the benefit, not only of the bond, but of the decision of the referees. It is true that by the terms of the submission, no final judgment could have been legally entered on the report, unless the same had been returned to the Court of Common Pleas next after it was completed ; and it seems that the plaintiff did not rely on a judgment and execution to enforce the payment of the sum awarded ; but preferred the security of the bond. By the request of the parties, the referees made known to them the nature and import of their report ; and it is averred in the replication that the defendants did not within the time limited, pay to the plaintiff the sum awarded to him. By examining the condition of the bond, it does not appear that the acceptance of the report and judgment thereon at the proper term of the court, were made necessary to entitle the plaintiff to recover on the bond. *Connor* was, by the terms of the condition, to pay the plaintiff, within six months from the date of the bond, " the amount awarded to him by said referees." We cannot add to the condition of the bond, or require more or less of the defendants, than they have stipulated to perform. The sum awarded was notified to them, and during the six months they neglected, and still neglect to pay it.

In this view of the cause we are of opinion the defence has failed.

*Replication adjudged sufficient.*